J-S44023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFRED HATCHETT | : | |
| | : | |
| Appellant | : | No. 529 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 14, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003287-2022

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 14, 2026**

Appellant, Alfred Hatchett, appeals from the February 14, 2025 judgment of sentence of 10 to 21 years of incarceration entered in the Delaware County Court of Common Pleas following his conviction of Persons Not to Possess Firearms and two counts of Possession With Intent to Deliver ("PWID").[1] Appellant challenges the sufficiency of the evidence underlying his Persons Not to Possess Firearms and PWID convictions and the weight the jury gave to the evidence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On February 12, 2022, Darby Borough Police Patrolmen Shain McCaughey and Terrell Lee responded to a 911 call from Angel Cooper, the daughter of the owner of a residence on North 3rd Street in Darby Borough. Ms. Cooper had reported that

_____

[1] 18 Pa.C.S. § 6105(a)(1), and 35 P.S. § 780-113(a)(30), respectively.

a man who did not live at the residence, later identified as Appellant, was present and possibly in possession of a firearm and narcotics. Upon their arrival, the patrolmen met Ms. Cooper and her mother, Carleen Sutherland. Ms. Cooper told the patrolmen that she and Paul Poulet—a man who had been living in the residence's basement—had been in the basement when Appellant arrived to retrieve a gray/green backpack that he had left there. Ms. Cooper and Mr. Poulet watched Appellant look through the backpack and heard him complain that marijuana worth $700 was missing from it. Appellant became angry when Ms. Cooper and Mr. Poulet denied knowing what had happened to the drugs, prompting him to lift his shirt and display the handle of a black semiautomatic handgun tucked in his waistband. Appellant then pulled the gun from his waistband and threatened to shoot whoever had stolen from him.

After hearing Ms. Cooper's account, Ms. Sutherland permitted the patrolmen to enter basement to investigate. The basement was an area of the home accessible only through a door located along an alleyway in the rear of the residence. The patrolmen entered the basement by passing through its entry hall, arrived in an area of the basement that had been converted into a living space, and observed Appellant alone and lying on a bed, apparently asleep. The patrolmen woke Appellant, detained him without incident, and retrieved an iPhone from his pocket.

Patrolman McCaughey then saw in plain sight a grey/green backpack between three and five feet from where Appellant had been sleeping. The backpack contained, *inter alia*, a loaded firearm, numerous bags containing

marijuana, a bag containing numerous vials of crack cocaine, and various items of drug paraphernalia. Patrolman McCaughey also discovered 52 blue vials containing fentanyl in the ceiling rafters of the unfinished drop ceiling above where Appellant had been sleeping. Patrolman McCaughey then arrested Appellant. Prior to leaving the scene, Mr. Poulet arrived at the residence and provided the patrolmen with a written statement consistent with Ms. Cooper's oral account.

Following this incident, the Commonwealth charged Appellant with, *inter alia*, the above crimes. Appellant's jury trial commenced on December 9, 2024. The Commonwealth presented the testimony of Patrolman McCaughey and Terrell Lee, who testified in accordance with the above facts.

The Commonwealth and defense counsel stipulated that forensic investigators performed a forensic extraction of Appellant's iPhone. Analyst Maria Cerino of the Delaware County District Attorney's Office Criminal Investigation Division then testified that during the course of her investigation of Appellant's iPhone, she recovered a photograph created a few weeks prior to Appellant's arrest depicting a handgun, and a video recorded the preceding autumn which was attached to an outgoing text message that also depicted a handgun with the prominently displayed serial number "JBC6726."

Delaware County Criminal Investigation Division Detective Louis Grandizio, a county firearms examiner and expert in firearms identification and ballistics, also testified on behalf of the Commonwealth. He testified that the serial number on the handgun found in the backpack proximate to

Appellant prior this arrest was "JBC6726." Detective Grandizio further testified that the handgun recovered by the patrolmen was consistent with the handgun in the photo extracted from Appellant's iPhone as to the manufacturer, slide striations, caliber, model, and certain alphanumeric markings. He also testified that the firearm in the video extracted from Appellant's iPhone clearly bore a serial number identical to the handgun recovered from the backpack physically proximate to Appellant in the basement bed.

The Commonwealth played the video recovered from Appellant's iPhone for the jury. The video showed the handgun laying on a flat, cloth-covered surface, with a loaded magazine positioned on the same surface below the firearm. The video next showed the right hand of an African American, with a light complexion similar to Appellant's, pick up the magazine and bring it close to the recording device to highlight that it was loaded. The video then showed seemingly the same light complexioned African American grab the firearm by its grip and rotate it making its other side fully visible before returning it to the flat surface.

On December 11, 2024, the jury convicted Appellant of the above charges. On February 14, 2025, the court sentenced Appellant to a term of eight to 16 years of incarceration for the Persons not to Possess Firearms conviction, a consecutive term of two to five years of incarceration for one PWID conviction, and a concurrent term of one to two years of incarceration for the other PWID conviction. Appellant did not file a post-sentence motion.

- 4 -

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Was the evidence legally insufficient to sustain Appellant's convictions where the Commonwealth failed to establish actual or constructive possession of the firearm and controlled substances?

2. Were the verdicts against the weight of the evidence where the Commonwealth presented no forensic evidence or eyewitness testimony linking Appellant to the contraband?

Appellant's Brief at iv.

In his first issue, Appellant contends that the Commonwealth presented insufficient evidence to prove that he actually or constructively possessed the firearm and narcotics found near him. *Id.* at 3-7. In support of this claim, Appellant notes that the Commonwealth introduced no direct evidence or eyewitness testimony linking Appellant to the contraband. *Id.* at 5. He also notes that investigators never subjected the contraband to DNA or fingerprint testing. *Id.* Appellant further contends that the Commonwealth's case was devoid of evidence that Appellant owned the backpack located in the basement or that the basement was under his exclusive control and, given that the basement was part of a shared residential property, the Commonwealth should have presented evidence "to establish who had dominion over the space or the items recovered." *Id.* at 5-6. Appellant also argues that the Commonwealth failed to prove that Appellant had the intent to exercise control over the contraband because it did not introduce any evidence of "behavior or

- 5 -

statements by Appellant indicative of the intent to control the firearm or narcotics." *Id.* at 6. He concludes that the Commonwealth's case was based on "pure speculation and conjecture" because it "rested almost entirely on the fact that Appellant was found sleeping in a basement near a backpack that contained contraband." *Id.* at 5-6.

We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014) (citation and quotation omitted). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id.* at 40 (citation and quotation omitted). "Because evidentiary sufficiency is a matter of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Brooker***, 103 A.3d 325, 330 (Pa. Super. 2014) (citation omitted).

A jury may find that a defendant actually possessed contraband or did so constructively. ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018). "Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." *Id.* (citing ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013) (holding that a conviction under

18 Pa.C.S. § 6106(a) was supported by a finding of constructive possession)). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement." *Parrish*, 191 A.3d at 36 (citation omitted). "We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control." *Id.* (citation and quotation omitted).

"[A]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Id.* at 36-37 (citation omitted). "In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue." *Id.* at 37 (citing *Commonwealth v. Davis*, 743 A.2d 946, 953–54 (Pa. Super. 1999) (holding that evidence was sufficient to prove constructive possession over drugs found in common areas of an apartment where the defendant entered the apartment using his own key, and possessed $800 in cash on his person, and police recovered defendant's identification badge, size-appropriate clothing, and firearms from a bedroom)).

As noted above, Appellant argues that the Commonwealth failed to prove he actually or constructively possessed the firearm or narcotics, and lists numerous reasons why be believes his conviction was the result of "pure speculation and conjecture." Appellant fails to acknowledge, however, that the Commonwealth's case included evidence that Appellant's phone contained a photograph of a firearm whose serial number matched the serial number on

the firearm found by the police in the backpack proximate to Appellant and testimony that the handgun in the photograph was consistent with the handgun in the backpack as to the manufacturer, slide striations, caliber, model, and certain alphanumeric markings. The Commonwealth also presented video evidence seized from Appellant's iPhone showing the hand of an African American whose complexion was similar to that of Appellant handling the same firearm. Viewing all the evidence in the light most favorable to the Commonwealth as the verdict-winner, we conclude that it was reasonable for the jury to infer that Appellant exercised dominion and control over the contraband at issue. Appellant's claim that the Commonwealth failed to prove he had possession—actual or constructive—thus, fails.

In his second issue, Appellant challenges the weight the jury gave to the Commonwealth's evidence. Appellant's Brief at 7-10. Appellant did not, however, raise and preserve his weight challenge in the trial court. *See Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa. Super. 2020) (explaining that an appellant must preserve a weight challenge before sentencing or in a post-sentence motion). As a result, this issue is waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/14/2026